CITY OF NEW YORK, Plaintiff,

v.

BERETTA U.S.A. CORP., et al., Defendants.

Jaquione Johnson, Plaintiff,

v.

Bryco Arms, et al., Defendants.

Joan Truman Smith, Plaintiff,

v.

Bryco Arms, et al., Defendants.

Nos. 00 CV 3641(JBW), 03 CV 2582(JBW), 02 CV 3029(JBW).

United States District Court, E.D. New York.

April 13, 2004.

See also 271 F.Supp.2d 435.

---

Elizabeth Schickedanz Haile, Brian J. Siebel, Dennis A. Henigan, Jonathan E. Lowy, Rachana Bhowmik, Washington, DC, Eric Proshansky, Gail P. Rubin, Marjorie H. Mintzer, Corporation Counsel of the City of NY, New York City, for Plaintiffs.

Brian Preston Heermance, Morrison, Mahoney & Miller, LLP, John F. Renzulli, Renzulli & Rutherford, LLP, Leonard S. Rosenbaum, Scott Charles Allan, Renzulli, Pisciotti & Renzulli, LLP, Thomas Patrick Battistoni, Balber, Pickard, Battistoni, Maldonado, & Van Der Tuin, PC, Robert Laurent Joyce, Wilson, Elser, Moskowitz, Edelman & Dicker, Alan Mansfield, Joel M. Cohen, Greenburg Traurig, LLP, Anne Elizabeth Cohen, New York City, Lawrence S. Greenwald, Gordon, Feinblatt, Rothman, Hoffberger, Hollander, LLC, Baltimore, MD, Jonann E. Coniglio, Friday, Eldredge & Clark, Little Rock, AR, Michael L. Rice, Jones Day, Dallas, TX, Thomas E. Healy, Pino & Associates, LLP, White Plains, NY, Bridgette E. Eckerson, Timothy A. Bumann, Budd Larner, P.C., Atlanta, GA, Prescott L. Nottingham, Budd Larner Rosenbaum Greenberg & Sade, Kathleen C. Marchetti, Budd Larner, P.C., Short Hills, NJ, Jeffrey Scott Nelson, Shook, Hardy & Bacon, LLP, Kansas City, MO, James Philip Dorr, Sarah Liddell Olson, Wildman, Harrold, Allen & Dixon, Chicago, IL, William Edward Vita, Gallagher Gosseen Faller Kaplan & Crowle, Garden City, NY, Christopher Michael Chiafullo, Saiber, Schlesinger, Satz & Goldstein, Newark, NJ, for Defendants Beretta U.S.A. Corp., et al.

Kenneth Marder, Taub & Marder, Elisa Ann Barnes, Law Office of Elisa Barnes, New York City, for Plaintiffs Jaquione Johnson and Joan Truman Smith.

Paul L. Kassirer, John Powers Sandercock, Lester, Schwab, Katz & Dwyer LLP, Jeffrey Martin Malsch, Leonard S. Rosenbaum, Renzulli, Pisciotti & Renzulli, LLP, New York City, Robert Edward Scott, Jr., Baltimore, MD, for Defendants Bryco Arms, et al.

### MEMORANDUM, JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

In connection with *NAACP v. Acusport, Inc.,* 271 F.Supp.2d 435 (E.D.N.Y.2003) (*"NAACP "*), the court issued an order restricting the availability of trace data (showing transfer of hand guns that law enforcement was interested in from manu-

facturers to ultimate licensed retailers) collected by the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"). *See NAACP v. Acusport Corp.*, 210 F.R.D. 268 (2002)app. B & C. It was to be used only in pretrial and trial of the *NAACP* case.

Four entities were involved in the negotiations leading to limited release of that data by the ATF: the plaintiff, the defendants, the ATF and the Special Master appointed by the court. The ATF now objects to the breaking of the "secrecy deal" it made that was approved and embodied in this court's order.

In effect the court agreed to enforce the arrangement. It had full knowledge of the reluctance of the ATF to release its trace data without a secrecy order. In approving the agreement the court did not append its usual caveat, "This secrecy of sealing is subject to modification in the public interest." No substantial reason exists for the court's withdrawing its assurances of secrecy in the *NAACP* case absent consent of the ATF.

The motion to open the *NAACP* data for use in other gun cases is denied.

This ruling does not control the issue of what, if any, ATF data should be available in the instant or any other case. That issue is respectfully referred to the magistrate judge for prompt decision as part of discovery control. Depending upon the magistrate judge's and the court's ruling in these captioned cases now pending, the ATF may wish to reconsider its view in the *NAACP* case. It may save the parties and ATF considerable time and expense if the analysis of experts based on *NAACP* data would not need to be gathered anew for the current cases.

This ruling does not decide questions of admissibility of evidence in the instant or

any other case. Those questions are reserved to the court.

SO ORDERED.